FILED
2015 Aug-13 PM 12:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| **D.I.S., a minor, by and through his grandmother and next friend RUBY SUTTERFIELD,** ) ) ) ) | |
| **Plaintiff,** ) ) ) | |
| v. ) ) | Case No.: 5:13-CV-1083-VEH |
| **CAROLYN COLVIN, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,** ) ) ) ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Plaintiff Ruby Sutterfield ("Ms. Sutterfield") brings this action under 42 U.S.C. § 405(g), Section 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her application on behalf of her minor great-grandson ("D.I.S.") for Childhood Supplemental Security Income ("SSI"). Ms. Sutterfield timely pursued and exhausted her administrative remedies available before the

Commissioner. The case is thus ripe for review under 42 U.S.C. § 405(g).[1] The court has carefully considered the record and, for the reasons which follow, finds that the decision of the Commissioner is due to be **REVERSED** and **REMANDED**.

## II.   FACTUAL AND PROCEDURAL HISTORY

D.I.S. allegedly became disabled on the day he was born, October 19, 2009, and was three years old on the date the ALJ issued his final decision. (Tr. 20-35, 120-125). D.I.S. has no past relevant work experience and has never engaged in work. (Tr. 23). Ms. Sutterfield claims, on D.I.S.'s behalf, disability since October 19, 2009, due to breathing problems, paralyzed vocal cords, and poor muscle development in his legs. (Tr. 43-66, 129).

Ms. Sutterfield filed this application for Childhood Supplemental Security Income on August 9, 2010. (Tr. 113-120-25). The agency denied her application initially and upon reconsideration. (Tr. 74-78). She requested a hearing before an Administrative Law Judge ("ALJ"), which was held on April 11, 2012. (Tr. 43-71). The ALJ issued a decision denying her claim on June 14, 2012. (Tr. 20-35). The Appeals Council declined to grant review of the decision on December 20, 2012. (Tr. 13-15).

---

[1] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

Ms. Sutterfield filed a Complaint with this court on June 6, 2013, seeking review of the Commissioner's determination. (Doc. 1). The Commissioner answered on November 13, 2014. (Doc. 7). Ms. Sutterfield filed a supporting brief (doc. 9) on December 12, 2014, and the Commissioner responded with her own (doc. 10) on January 27, 2015.

## III. <u>STANDARD OF REVIEW</u>

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id*.

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions *de novo* because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the

court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV.   STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder. For children, the definition requires "marked and severe functional limitations," rather than (as for adults) the inability to do substantial gainful activity. 42 U.S.C. 1382c(a)(3)(C)(I). To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" that "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

For children, there is a three-step evaluation process. 20 C.F.R. § 416.924(a). The sequential analysis goes as follows:

> First, the ALJ must determine whether the child is engaged in substantial and gainful activity. Second, if the child is not engaged in substantial and gainful activity, the ALJ must determine whether the child has an impairment or combination of impairments that is severe. Finally, at step three, the ALJ must determine whether the child's impairment meets, medically equals, or functionally equals the Listings.

*Gray ex rel. Whymss v. Commissioner of Social Sec.*, 454 F. App'x 748, 750 (11th Cir. 2011) (unpublished) (citing to 20 C.F.R. § 416.924(a)); *accord Encarnacion ex rel. George v. Barnhart*, 331 F.3d 78, 84 (2d Cir. 2003). At step three, the ALJ evaluates the child's degree of limitation, if any, in six functional areas, called domains:

    (I)    acquiring and using information;

    (ii)    attending and completing tasks;

    (iii)    interacting and relating with others;

    (iv)    moving about and manipulating objects;

    (v)    caring for yourself; and

    (vi)    health and physical well-being.

20 C.F.R. § 416.926a(b)(1). If there are marked limitations in two domains or an extreme limitation in one domain, the child's impairment, or combination of impairments, is deemed functionally equivalent to a listed impairment. *Id.* at § 416.926a(d). A limitation is "marked" if it "interferes seriously" with the child's abilities in that domain. *Id.*

## V.   ALJ FINDINGS

After consideration of the entire record, the ALJ made the following findings:

    1.    The claimant was born on October 19, 2009. Therefore, he was a newborn/ young infant on August 9, 2010, the date the application was filed, and is currently an older infant.

2. The claimant had not engaged in substantial gainful activity since August 9, 2010, the application date.

3. The claimant has the following severe impairments: developmental motor delay and paralyzed vocal cords with stridor.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P., Appx. 1 (20 C.F.R. 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the listings (20 C.F.R. 416.924(d) and 416.926(a))

6. The claimant has not been disabled, as defined in the Social Security Act, since February 9, 2010, the date the application was filed.

## VI. ANALYSIS

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[2] However, the court "abstains from reweighing the evidence or

---

[2] *Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

The ALJ found that D.I.S. had no limitations in the first, second, third, and fifth functional domains (acquiring and using information, attending and completing tasks, interacting and relating with others, and caring for yourself) and only less than marked limitations in the fourth and sixth domains (moving about and manipulating objects, and health and physical well-being). (Tr. 26-34). The ALJ gave "great weight" to the opinions of state agency medical consultant Dr. Robert Heilpern, who reviewed the claimant's file but did not perform an examination; the ALJ even stated that he "essentially adopted [Dr. Heilpern's] assessment of the claimant's limitations in each domain." (Tr. 26.).

Ms. Sutterfield's brief (Doc. 9) is not well organized, making the arguments somewhat difficult to distinguish, but the court is able to make out a variety of arguments against the ALJ's findings. The court will consider her two best-developed arguments — that the ALJ failed to properly rule on hearing testimony from two witnesses and that the ALJ improperly discounted a treating physician's opinion — before reaching the ultimate basis for its decision.

### A.     The ALJ Properly Treated The Hearing Testimony

Ms. Sutterfield objects to the ALJ's treatment of testimony given during the hearing by her and by her son, who is also D.I.S.'s grandfather ("Mr. Sutterfield").

She makes the same objections to the ALJ's discussion of each testimony. First, she says that "the testimony is not detailed in the decision." (Doc. 9 at 9, 10). Second, she says that the ALJ failed to make credibility determinations regarding their testimony. (*Id*. at 9, 10). However, after reviewing the witnesses' testimonies and the ALJ's decision, the court find that these objections are without merit.

As to the first objection, the ALJ's decision adequately summarizes all of the relevant parts of each witness's testimony. (Tr. 25). Ms. Sutterfield does not explicitly identify any parts of the witnesses' testimony that the ALJ neglected to detail, but does provide a brief summary of each witness's testimony. (Doc. 9 at 9, 10). In each case, the statement as described by Ms. Sutterfield either is adequately discussed in the ALJ's decision, or is so broadly phrased (e.g. "He provided some detail regarding D.I.S.'s treatment") that the court is unable to determine what specific pieces of testimony she has in mind.[3]

The second objection — that the ALJ failed to make credibility determinations — is even more easily dismissed. The ALJ's decision stated "I find that the testimony of the claimant's great grandmother and grandfather are credible, but not indicative

---

[3] The main area of testimony identified by the claimant that went undiscussed by the ALJ concerned D.I.S.'s condition at birth and resulting hospitalization. (Doc. 9 at 9). However, the claimant concedes in her brief, "It appears there is not medical evidence of record to support the issues at birth." (*Id*. at 9 n. 4). Therefore, the claimant is deemed to have conceded that the ALJ did not commit error on this ground.

8

of total disability, for the reasons discussed below." (Tr. 25). Although this is, in the court's experience, a somewhat unusual formulation for a credibility finding, it is, indeed, a credibility determination. Essentially, the ALJ concluded that the testimony of the two witnesses on specific facts about D.I.S. (as opposed to their opinions on the ultimate issue of disability) was credible, but those facts did not dictate a finding of disability. Therefore, the ALJ did not err by failing to discuss or make credibility determinations for each witness's testimony, and the court finds that substantial evidence supports his evaluations.

> **B.** **There Is Substantial Evidence For The ALJ's Decision To Give Little Weight To The Treating Physician's Opinion**

Ms. Sutterfield also objects to the ALJ's consideration of an opinion from treating physician Dr. Brian J. Wiatrak. (Doc. 9 at 8). The ALJ must ordinarily give substantial or considerable weight to a treating physician's opinions unless good cause is shown to the contrary. *Broughton v. Heckler*, 776 F.2d 960, 961 (11th Cir.1985); *see also* 20 C.F.R. § 404.1527(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations."). Good cause for rejecting a treating source's opinion may exist if the

opinion is not supported by the evidence or where the evidence supports a contrary finding, *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997), or where the doctor's opinions are conclusory or internally inconsistent. *Jones v. Dep't of HHS*, 941 F.2d 1529, 1532 (11thCir.1991).

In this case, Dr. Wiatrak, an associate clinical professor in surgery and physician in pediatric otolaryngology at Children's of Alabama, submitted a letter to the Social Security Administration on May 3, 2012. (Tr. 352). After briefly discussing D.I.S's history of medical problems and scheduled treatments, Dr. Wiatrak wrote,

> In my medical opinion, [D.I.S.] is a strong candidate for disability due to decreased exercise tolerance, increased work of breathing and low respiratory reserve brought on by his medical condition, which is bilateral true vocal cord paralysis. He is under ongoing physician care for this diagnosis which does severely impair his physical function.

(*Id.*). The ALJ discussed Dr. Wiatrak's opinion in the course of making his finding on the sixth functional domain, "Health and Physical Well-Being," where he ultimately found only a less than marked limitation. (Tr. 32-34).

The ALJ assigned "little weight" to Dr. Wiatrak's "opinion that the claimant is a strong candidate for disability based on his breathing problems." (Tr. 33). As reasons for assigning little weight, the ALJ said that the opinion "is not consistent with medical records showing unremarkable physical examinations, little to no evidence of functional impairment, and only mild, sporadic breathing impairment, as

discussed above." (*Id.*).[4] The ALJ had previously discussed the medical records relating to D.I.S.'s vocal cord paralysis, stridor, and related breathing and voice problems at length. (Tr. 32-33).

After comparing the ALJ's discussion of the medical records with the records themselves, the court finds that he had substantial evidence for his decision to assign little weight to Dr. Wiatrak's opinion. The ALJ accurately summarized the medical records, and they do indeed seem inconsistent with the doctor's opinion that D.I.S.'s breathing problems "severely impair his physical function." (Tr. 352). The records show some recurring wheezing and stridor, but not evidence of problems to the extent indicated by Dr. Wiatrak's opinion.

Ms. Sutterfield argues that the medical record "*is* consistent" with Dr. Wiatrak's opinion, but points only to two parts of the records: tests performed on April 10, 2010 and on September 7, 2010. (Doc. 9 at 9). The first examination referenced by Ms. Sutterfield found that D.I.S. had "mild biphasic stridor" and "persistent bilateral vocal cord paralysis," but otherwise was normal, and recommended a followup examination in six weeks, but did not recommend any treatment. (Tr. 348-49). The second

---

[4] The ALJ also suggested that Dr. Wiatrak was "express[ing] an opinion in an effort to assist a patient with whom [he] sympathizes for one reason or another." (Tr. 33). Ms. Sutterfield objects to this remark by the ALJ, calling them "scathing" and "absurd." (Doc. 9 at 9). The court does not find it necessary to evaluate this remark by the ALJ, since it appears to be gratuitous and unrelated to his reasons for assigning little weight to Dr. Wiatrak's opinion.

examination cited by Ms. Sutterfield, on September 7, 2010, suggested improvement in both of those areas. Dr Wiatrak wrote "[D.I.S.] continues with stridor although his parents feel he is improving" and "he does have inspiratory stridor when he is upset. He is not retracting, in no distress. The remainder of the head and neck exam is normal." (Tr. 346). A flexible laryngocscopy test showed "the left vocal cord to be completely immobile" but the right vocal cord "moving better than in the past," and the rest of the test results were "normal." (Tr. 347). These medical records do not, as Ms. Sutterfield argues, show impairments as severe as Dr. Wiatrak's opinion stated; if anything, they show that he was improving while under Dr. Wiatrak's care. Therefore, they do not cut against the ALJ's reasoning for assigning little weight to Dr. Wiatrak's opinion. Nor does the remaining medical record rebut the ALJ's conclusions.

Therefore, the court finds that the ALJ had substantial evidence for his determination that Dr. Wiatrak's opinion should be assigned little weight.

### C.     The ALJ Erred By Relying On The Opinion Of The Non-Examining Physician

Although Ms. Sutterfield does not raise an objection to the ALJ's reliance on the opinion of the non-examining consultative physician Dr. Heilpern, the court is obligated to consider this aspect of the decision to determine whether the ALJ applied the proper legal standards. The Eleventh Circuit has ruled repeatedly that the reports

of reviewing, non-examining physicians do not constitute substantial evidence on which to base an administrative decision, particularly when contrary to those of an examining physician. *See, e.g., Spencer on Behalf of Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir.1985); *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) ("opinions of non-examining, reviewing physicians, . . . when contrary to those of examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence"); *Swindle v. Sullivan*, 914 F.2d 222, 226 n. 3 (11th Cir. 1990) ("Because Dr. Hibbett did not examine Ms. Swindle, his opinion is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision"). In a fairly recent, albeit unpublished, decision, the Eleventh Circuit held that a non-examining physician's opinion could not constitute substantial evidence on its own because it was contrary to a treating physician's opinion, <u>even though there was good cause for rejecting that treating physician's opinion</u>. *Johnson v. Barnhart*, 138 F. App'x 266, 270 (11th Cir. 2005) ("Although the ALJ may have properly rejected [treating physician's] RFC evaluation for good cause, as it was inconsistent with his own progress notes, the ALJ nevertheless erred in giving greater weight to the opinion of Maloy, a non-examining physician. . . . Maloy's RFC evaluation is not dispositive, as its conclusions are from a non-treating, non-examining physician.").

In this case, the ALJ assigned little weight to the opinion of Dr. Wiatrak, the only <u>examining</u> physician who submitted an opinion into evidence. (Tr. 33). He gave "great weight" to the opinions of Dr. Heilpern and stated that he "essentially adopted his assessment of the claimant's limitations in each domain." (Tr. 26.). The ALJ's heavy reliance on an opinion that could not constitute substantial evidence for his findings mandates a reversal and remand of the case.

Remand is further dictated by an additional shortcoming in Dr. Heilpern's report. His report was issued on January 6, 2011, over fifteen months before the date of the hearing (April 11, 2012). (*See* Tr. 244). Therefore, Dr. Heilpern could only have considered evidence relating to the first fifteen months of D.I.S.'s life — and alleged period of disability, since disability is alleged since his birth — and could not have taken into account medical evidence from the subsequent fifteen months leading up to the hearing. While this gap in time between the report and the hearing might be insignificant in the case of an adult, in the case of this very young claimant, this means that Dr. Heilpern did not have the opportunity to consider <u>a full half</u> of the claimant's period of alleged disability. The Eleventh Circuit has stated that non-examining physician opinions "based on woefully incomplete evidence . . . should not be accorded a great amount of weight." *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1287 (11th Cir. 2004); *see also Lumpkin v. Barnhart*, 485 F. Supp. 2d

1270, 1282 (S.D. Ala. 2006) (non-examining medical opinion "cannot be given any value in that it was based on . . . only half of the record evidence and less than one year after the declared disability onset date"). Even if Dr. Heilpern's opinion were not already ineligible to be substantial evidence due to its conflict with the only examining physician's opinion, the fact that he relied on an extremely incomplete record is an additional reason that his report could not be substantial evidence for a disability determination.

Because the ALJ stated that he "essentially adopted" Dr. Heilpern's non-examining opinion, which is unable to provide substantial evidence in this case, the court must reverse and remand the case.[5]

## VI. CONCLUSION

Based upon the court's evaluation of the evidence in the record and the parties' submissions, the court finds that the decision of the Commissioner is not supported by substantial evidence, specifically due to the ALJ's heavy reliance on a non-examining opinion, which was itself based on an extremely incomplete record. Accordingly, the decision of the Commissioner is **REVERSED** and the case **REMANDED**.

---

[5] In this case, the court cannot seek to determine whether the medical records alone provide substantial evidence for the ALJ's decision, as the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citation omitted).

**DONE** and **ORDERED** this the 13th day of August, 2015.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge